# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20433

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2016

Lyle W. Cayce
Clerk

U.S. METALS, INCORPORATED,

Plaintiff - Appellant

v.

LIBERTY MUTUAL GROUP, INCORPORATED, doing business as Liberty Insurance Corporation,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-379

Before STEWART, Chief Judge, OWEN, Circuit Judge, and MORGAN∗, District Judge.

PER CURIAM:∗∗

This appeal arises from a dispute between U.S. Metals, Inc., ("U.S. Metals") and Liberty Mutual Group, Inc., ("Liberty") regarding coverage of certain damages pursuant to two exclusions in a commercial general liability insurance policy (the "CGL Policy" or "Policy"). The district court granted

---

∗ District Judge of the Eastern District of Louisiana, sitting by designation.
∗∗ Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20433

summary judgment for Liberty on U.S. Metals's indemnity claim, in part, on the ground that Exclusion M in the Policy precludes coverage for "damage that occur[ed] during the replacement process to property other than [the flanges]—in this case, the temperature coating, the gaskets, the piping, and the insulation."  In a prior opinion, we certified four questions to the Supreme Court of Texas regarding the proper interpretation of the Policy.  *See U.S. Metals, Inc. v. Liberty Mut. Grp., Inc.*, 589 F. App'x 659, 663–64 (5th Cir. 2014). In answering our certified questions, the Supreme Court of Texas stated:

> [t]he diesel units were restored to use by replacing the flanges and were therefore impaired property to which Exclusion M applies. Thus, their loss of use is not covered by the policy.  But the insulation and gaskets destroyed in the process were not restored to use; they were replaced.  They were therefore not impaired property to which Exclusion M applied, and the cost of replacing them was therefore covered by the policy.

*U.S. Metals, Inc. v. Liberty Mut. Grp., Inc.*, No. 14-0753, 2015 WL 7792557, at *7 (Tex. Dec. 4, 2015), *reh'g denied* (June 17, 2016).  The district court therefore erred in its holding regarding its interpretation of Exclusion M in the CGL Policy.  Because the district court's holdings regarding all of U.S. Metals's claims relate to the interpretation of the Policy's coverage and exclusions, we REVERSE and REMAND for further proceedings consistent with the Supreme Court of Texas's opinion.